Raymond W. EPPERSON, Appellant,

v.

Sam A. ANDERSON, Superintendent, D. C. Jail, Appellee.

No. 18143.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 11, 1963.

Decided Dec. 19, 1963.

Mr. Robert H. Neuman, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of court, for appellant. Mr. Norman L. Meyers, Washington, D. C., (appointed by this court) was on the brief, for appellant. Mr. Ivan V. Kerno, Washington, D. C., (also appointed by this court) also entered an appearance for appellant.

Mr. B. Michael Rauh, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Oscar Altshuler, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

PER CURIAM.

On September 21, 1962, appellant pleaded not guilty to an indictment charging him with carrying a dangerous weapon after conviction of a felony (22 D.C.Code § 3204), and was released on bail. On January 30, 1963, appellant withdrew this plea, and pleaded guilty to

carrying a dangerous weapon (as a misdemeanor) (22 D.C.Code § 3204). The District Judge, who took this latter plea, denied motions by appellant for continuation of bail and for immediate sentencing, and referred the matter to the probation officer for a pre-sentence investigation. Upon completion of that investigation, appellant came before another judge of the District Court on March 22, 1963, and was sentenced to imprisonment for one year under a statute which provided that the punishment for the crime in question shall be "a fine of not more than $1,000 or imprisonment for not more than one year, or both." Upon this appeal, from dismissal of a petition for writ of habeas corpus, appellant asserts that his prison term of one year must be reduced by the fifty-two days which elapsed between his plea of guilty and the date he was sentenced.[1]

Appellant expressly disclaims any error by the judge who took his plea of guilty in either refusing to continue bail or in ordering a pre-sentence investigation. He also disclaims any contention that the period of time between plea and sentence constituted "unreasonable delay" within the purview of Rule 32(a) of the Federal Rules of Criminal Procedure. He urges upon us not a lack of power in the sentencing court to do what it did but only an abuse of discretion by it in not deducting the fifty-two days from the sentence of one year actually imposed.

▆▆▆▆ An appellate court has, of course, a very limited function indeed when the contention before it is that the sentencing judge has abused his discretion in fixing the sentence within the conceded range of legislatively prescribed punishment. We have no occasion to interfere with the discretion exercised in this case.

Affirmed.

---

1. With allowances for sixty days credit good time and ten days credit for meritorious good time appellant presently has until January 11, 1964 to serve. However, if the fifty-two days between his plea of guilty and his sentencing are applied to his term, he would have been released on November 20, 1963.