Carlton S. SCOTT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17565.

United States Court of Appeals Eighth Circuit.

Jan. 22, 1964.

Carlton S. Scott, pro se.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

It has been our policy to see that, in the public interest, any attack made upon a criminal conviction or sentence is not left open but is terminated and cleared from the records of the District Court and this Court.

To accomplish that end in the present situation, the appeal pending from the District Court's allowing of notice of appeal to be filed to its order denying modification or correction of appellant's sentence will be permitted to be docketed without payment of fee, but leave to proceed further in forma pauperis will be denied, and the appeal will be dismissed as frivolous.

■ In thus dealing with the matter, we are indulging in some informality. No formal motion of attack upon appellant's sentence is contained in the files of the District Court. There appears in the files, however, a copy of a letter from the trial judge to appellant which makes evident that a communication requesting such relief was received from appellant, and, further, it is apparent from the Court's memorandum that this communication constituted the basis of the order of denial to which the notice of appeal was filed. We accordingly recognize a motion under Rule 35, Fed. Rules of Crim.Proc., 18 U.S.C.A., as being intended by appellant to be involved, of the nature and scope covered by the Court's memorandum and appellant's notice of appeal.

As indicated above, the relief which appellant sought was correction or modification of his sentence so as to reduce its term by, or have credited thereon, the six-months' time that he had been held in custody prior to his conviction and sentencing. Part of this time had been spent at the Medical Center for Federal Prisoners, Springfield, Missouri, for examination as to his mental condition, pursuant to the provisions of 18 U.S.C.A. § 4244.

Under 18 U.S.C.A. § 3568, all sentences of imprisonment commence to run from the date on which the prisoner is received at the penitentiary, reformatory or jail for service of the sentence. As to offenses for which the "statute requires the imposition of a minimum mandatory sentence" there is a proviso that credit toward service of the sentence is required to be given by the Attorney General "for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed".

■ Appellant's sentence was one of 3½ years under 18 U.S.C.A. § 2312, for violation of the Dyer Act. The offense was not one for which the statute prescribed a minimum mandatory sentence, and hence the situation was subject to the general provisions of § 3568 and not to the proviso. Appellant, therefore, was without legal right to demand the relief sought in his motion, and no question of error or abuse of discretion can exist as a basis for an appeal. Cf. Byers v. United States, 10 Cir., 175 F.2d 654.

For appellant's benefit, it may be added that the transcript of the sentencing proceedings shows the following statement by the Court at the time sentence

was imposed: "The Court is taking into consideration the fact that you have spent approximately six-months in custody awaiting trial". Further, it is noted that the Court made the sentence subject to the provisions of 18 U.S.CA. § 4208(a) (2), thus allowing appellant to "become eligible for parole at such time as the board of parole may determine".

Appeal docketed and dismissed.