Edward W. **STAPF**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Lester **KERR**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Edward W. **STAPF**, Appellant,

v.

Nicholas deB. **KATZENBACH** et al.,
Appellees.

William **HOLLINGSWORTH**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 19837, 19849, 19884, 19976.

United States Court of Appeals
District of Columbia Circuit.

Argued April 28, 1966.

Decided Aug. 4, 1966.

Bastian, Senior Circuit Judge, dissented.

Mr. Martin J. Gaynes, Washington, D. C. (appointed by this court) for appellants.

Mr. Charles L. Owen, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief for appellee.

Before BASTIAN, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

These cases, consolidated on appeal, present the common question whether the District Court acted lawfully when it refused to accord a convicted defendant credit against his sentence for the time he spent in custody for want of bail prior to sentence.

The facts in No. 19837 are as follows: Appellant, Edward Stapf, was arrested on May 23, 1962, and charged with interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312 (1964). Stapf was promptly admitted to bail in the amount of $1000, but was unable to secure a bail bond for this amount.[1] He was therefore committed to the District of Columbia Jail where he remained in custody for some five months. On October 19, 1962, he was convicted on a plea of guilty to the charged violation of § 2312, and he was thereupon sentenced to an indeterminate term of imprisonment under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b) (1964). Subsequently, Stapf moved for resentencing. This motion was granted on May 11, 1964, at which time the District Court vacated his original sentence and resentenced him to a term of 20 months to five years, the latter being the maximum sentence author-

ized by § 2312. The court, in addition, ordered the new sentence to take effect retroactively from October 19, 1962, thereby crediting him with the time he had spent in custody under his original Youth Corrections Act sentence. However, by sentencing Stapf to the maximum five-year term allowable, the court refused credit for the period of five months spent in custody prior to sentencing for want of bail.[2] Stapf immediately filed a series of unsuccessful pro se motions under Rule 35, FED.R.CRIM.P., requesting credit against his sentence for this five-month period of detention. The denial of the latest of these motions is the subject of his appeal.

The cases of the other two appellants consolidated on this appeal, Nos. 19849 and 19976, present the same basic factual pattern: In both cases the appellant, who was admitted to bail but was unable to secure a bail bond, was incarcerated in the District of Columbia Jail for a period of about three months prior to sentencing. Each appellant was ultimately sentenced to the maximum term authorized by statute and no credit was given by the sentencing court for the time spent in jail for want of bail. Subsequently, the District Court denied appellants' pro se motions under Rule 35, which alleged that denial of such credit was illegal.

Appellants stress the fact that their total time in custody exceeds that of defendants who were likewise sentenced to the maximum term allowable by statute, but had previously been able to secure bail. Appellants conclude that the District Court's refusal to give them credit, in effect, creates two sets of maximum sentences, one for the poor (those who are unable to make bail), and one for the rich (those who are able to procure a bail bond), a distinction which denies the former equal protection of the

---

1. The record does not disclose whether Stapf was unable to make bail because of his poverty or because he could not find a bondsman who was willing to sell him the bond.

2. 18 U.S.C. § 3568 (1964), states that the term of commitment shall run from the date of sentencing. Since Stapf was sentenced to the maximum term allowable, the court could not have intended that he receive any credit for his presentence detention.

law. We need not consider this argument because we find other factors present in these cases which render the court's denial of credit for presentence custody illegal.[3]

None of the appellants was sentenced under a statute which prescribed a mandatory minimum term of imprisonment for the offense (hereafter referred to as a minimum term offense). Those sentenced for minimum term offenses automatically receive credit for their presentence custody under 18 U.S.C. § 3568 (1964) which provides:

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence.

This provision for automatic credit was added to § 3568 by Congress in 1960. The legislative history[4] reveals the assumptions and purposes of Congress: Congress was aware of and approved the general practice of federal courts to provide defendants credit against their sentence for time spent in jail for lack of bail. But in the absence of a statutory amendment a court did not have authority to give such credit to defendants sentenced for minimum term offenses. This situation, in the view of Congress, created an unwarranted disparity in the effective sentences of defendants convicted of minimum term offenses, in terms of total time in detention, between those who made bail and those who did not. To remove this disparity Congress amended § 3568 to provide an automatic credit for minimum term offenses. This authorization also applies to minimum term offenses under the District of Columbia Code.[5]

Congress made no provision in this amendment for defendants sentenced for offenses not carrying minimum terms of imprisonment (hereafter referred to as lesser offenses) because it assumed that a credit for presentence custody for want of bail would continue to be provided by sentencing courts as a matter of course. The failure of the District Court in the cases before us to act in accordance with that congressional assumption of credit has generated a new unforeseen disparity in treatment among defendants unable to make bail, whereby those sentenced for lesser offenses are subject to denial of the credit automatically accorded those sentenced for minimum term offenses.

This disparity in treatment constitutes an irrational and arbitrary classification. The general statutory pattern, while not entirely consistent, is that the more serious crimes require mandatory minimum terms of imprisonment while the less serious and lesser included offenses do not.[6] We perceive no rational basis for a classification whereby credit for pre-

---

3. Appellants also argue that the bail set for them was excessive and that they are therefore entitled to credit for their presentence detention on this ground, citing Yates v. United States, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958), and Short v. United States, 120 U.S.App.D.C. 165, 169–171, 344 F.2d 550, 554–556 (1965) (concurring opinion). In light of our disposition of the case we do not reach this question.

4. See H.R.Rep. No. 2058, 86th Cong., 2d Sess. (1960); S.Rep. No. 1696, 86th Cong., 2d Sess. (1960); U.S.Code Cong. & Admin.News 1960, p. 3288; 106 Cong. Rec. 15819–20, 17464 (1960); Short v. United States, *supra* note 2, at 173, 344 F.2d at 558.

5. Short v. United States, *supra* note 2, at 171, 344 F.2d at 556. It is therefore immaterial that appellants in Nos. 19849 and 19976 were convicted of violations of the District of Columbia Code.

6. For example, grand larceny is a minimum term offense, but there is no minimum term for petit larceny, taking property without right or attempted larceny. D.C. Code §§ 22–2201, 2202, 1211 and 103 (1961). A minimum term is required for murder in the first or second degree, but not for manslaughter, assault with intent to kill or assault with a dangerous weapon. D.C. Code §§ 22–2401, 2403, 2404, 501 and 502 (1961 and Supp. IV, 1965).

sentence custody for lack of bail is required as to minimum term offenses but is deniable as to the other, less serious offenses. Neither deterrence, retribution, reform nor any other consideration was offered by the Government for our consideration, as providing a rationale for this discrimination. The lack of justification for such a distinction is underscored by the legislative history of Section four of the Bail Reform Act of 1966.[7] That section amends § 3568 to provide automatic administrative credit to all defendants sentenced after its effective date. In recommending its adoption the Senate Committee on the Judiciary reported:

> Witnesses before both the subcommittees' 1964 and 1965 hearings were unanimous in finding no justification for [restricting § 3568 to minimum term offenses]. * * * It was observed that the crimes for which Congress has set minimum mandatory sentences are those which are considered so serious that judicial discretion in sentencing should be limited. It is ironic that persons accused of such serious crimes should be assured of receiving credit for pretrial custody, while those convicted of less serious crimes for which no minimum mandatory sentence is required have the benefit of no such assurance. [S.REP.No. 750, 89th Cong., 1st Sess. 21 (1965).] [8]

The 1966 act terminates the discrimination now before us. It also assures credit for all presentence custody, and not merely custody for want of bail. But these provisions are not retroactive and hence do not cure the discrimination among defendants sentenced prior to its effective date of September 20, 1966.

 However, it was and is incumbent on the District Court, prior to the effective date of the 1966 act, to exercise its sentencing authority and duty consistently with the Congressional intent implicit in the legislative history and structure of the 1960 amendment to § 3568, and consistently with the requirements of the Fifth Amendment. Congress assumed and intended that credit would be accorded to all defendants, although the administrative credit of § 3568 was provided in 1960 only for the minimum term offenses where Congressional action was requisite to remove a disability to provide credit. And the Fifth Amendment, which prohibits arbitrary classifications, prohibits effectuation of a discrimination against lesser offenses by judicial action. The Supreme Court has held that it is a denial of equal protection for a court to perpetuate by its affirmative action a privately created irrational discrimination. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161, 3 A.L.R.2d 441 (1948). *A fortiori*, it is unconstitutional for a court to effectuate an arbitrary classification by its affirmative action—action withholding from one class a right accorded to another as an element of the system of justice —when the court has the power to prevent that discrimination. E. g., Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956); Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed. 2d 899 (1963). Denial of credit in the context of a jurisprudence where others guilty of crimes of the same or greater magnitude automatically receive credit, would entail an arbitrary discrimination within the power and hence the duty of the court to avoid.

This is not a case, we reiterate, where Congress removed part of an evil but disclaimed action on the rest.[9] This is a

---

7. Pub.L. No. 89–465, 89th Cong., 2d Sess. § 4 (June 22, 1966), 80 Stat. 214.

8. In addition see *Hearings on S. 1357, S. 646, S. 647, and S. 648 Before the Subcommittee on Constitutional Rights and the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary*, 89th Cong., 1st Sess. at 17, 18, 24, 96, 105, 145, 321 (1965); *Hearings Before Subcommittee No. 5 of the House Committee on the Judiciary*, 89th Cong., 2d Sess. ser. 13, at 24, 65 (1966).

9. Compare Katzenbach v. Morgan, 384 U. S. 641, 86 S.Ct. 1717, 16 L.Ed.2d 828 (June 13, 1966).

case, rather, where Congress acted as to the only evil that required legislative action, and assumed that in all other instances equivalent relief would be provided by the courts. In such context the court acts unlawfully when it effectuates rather than avoids an arbitrary classification.

The foregoing statutory and constitutional considerations compel us to hold that it was and is the duty of the sentencing court to provide credit for presentence custody for want of bail to all defendants not granted credit administratively by virtue of the provisions of § 3568.

The Government invokes our prior decisions in Epperson v. Anderson, 117 U.S. App.D.C. 122, 326 F.2d 665 (1963), and Williams v. United States, 118 U.S.App. D.C. 255, 335 F.2d 290 (1964). In *Epperson* the court revoked bail after defendant's plea of guilty. His maximum term sentence without credit for the 52 days in custody, between the plea and sentencing, was assailed, not for lack of power in the sentencing court, but as an abuse of discretion (see 117 U.S.App.D.C. at 123, 326 F.2d at 666). Since Epperson was denied bail and § 3568 only applies to those in custody for want of bail set, the discrimination we have found arbitrary was not and could not have been at issue in that case. The *Williams* case is equally inapposite, since the defendant was sentenced in 1957 prior to the amendment of § 3568. We pointed out that the amendatory act did not apply retrospectively. No defendants sentenced for minimum term offenses at the same time as

Williams would have received the credit. Neither *Epperson* nor *Williams* stands as precedent contrary to our ruling today, since in neither case did the court consider the discrimination challenged in this case. Questions "neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925).[10]

We are not here reviewing or in any way impinging on the discretion of the District Court with regard to the basic sentence imposed. That court was free to impose whatever term of imprisonment it deemed appropriate in the circumstances of the particular case up to and including the maximum authorized by statute. We hold only that once the basic sentence was determined, the court had the duty to credit the defendant's sentence with any presentence custody incurred for want of bail.

■ Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given.[11] The problems and expenditure of resources which would be caused by allowing each prisoner to attempt to demonstrate that in his particular case credit was not given, we feel, outweigh any possible unfairness. Since here the defendants were sentenced to the maximum allowable term of imprisonment, the length of sentence itself conclusively shows that credit was not given. See note 2, *supra*.

The judgments of the District Court will be reversed and the causes remanded

---

10. For the same reason, the statements of two other circuits, that a convicted defendant is not entitled to a credit for presentence custody, do not constitute precedents. Byers v. United States, 175 F.2d 654 (10th Cir. 1949); Powers v. Taylor, 327 F.2d 498 (10th Cir. 1964); Scott v. United States, 326 F.2d 343 (8th Cir. 1964). The sentencing courts in both *Byers* and *Scott* apparently did give credit for presentence detention. More significantly, the arbitrary discrimination issue that is the subject of our decision was not

discussed or even adverted to in any of these three decisions. *Byers* arose before the 1960 amendment to § 3568. *Powers* merely cited *Byers* without reference to any discrimination problem.

11. It is obvious, but we wish to note expressly, that our decision is not equivalent, either in intent or effect, to a retroactive application of the 1966 law, which extends an administrative credit to all sentences, even though substantially below the maximum term.

for further proceedings not inconsistent with this opinion.[12]

It is so ordered.

BASTIAN, Senior Circuit Judge, dissents.

12. One of the appellants, in addition to moving for reduction of his sentence, instituted an independent suit to declare the credit provision of § 3568 unconstitutional. This suit was dismissed below and consolidated as No. 19884 on this appeal. We vacate that judgment and remand for further proceedings should any be necessary following the opinion rendered this day.