John Robert SAWYER, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 18825.

United States Court of Appeals
Eighth Circuit.

April 19, 1967.

John R. Sawyer, pro se.

Theodore L. Richling, U. S. Atty., Omaha, Neb., for appellee.

Before MEHAFFY and GIBSON, Circuit Judges.

PER CURIAM.

Petitioner, John Robert Sawyer, a federal prisoner, applied to the sentencing court for correction and reduction of his sentence in an effort to obtain credit for time spent in custody prior to his sentencing. The District Court denied the petition as well as leave to proceed in forma pauperis, certifying that the attempted appeal is frivolous and not taken in good faith. We grant the appeal in forma pauperis but deny the application for appointment of counsel, and have considered the appeal upon the petition

and original records, and affirm the holding of the District Court that Sawyer is not entitled to credit for the time spent in custody between his arrest and his sentencing.

Sawyer was charged by indictment with four counts of violation of the bank robbery statute, 18 U.S.C.A. § 2113(a), (b), (d) and (e).[1] Sawyer had not been admitted to bail prior to sentence because Count IV of the indictment charged the capital offense of kidnapping. In March of 1962, Sawyer pleaded guilty to Count I (§ 2113(a)) and Count III (§ 2113(d)), whereupon he was sentenced to a term of twenty years on Count I and to a term of ten years on Count III, the sentences to run concurrently. The Government dismissed Counts II and IV.

In January of 1963, upon motion made under Rule 35, this court vacated the sentence imposed on Count III as there appeared to be more than one sentence for simultaneous violations, thereby leaving the twenty year sentence on Count I standing. Sawyer v. United States, 312 F.2d 24 (8th Cir.1963). In the present proceeding, Sawyer is seeking credit for one hundred forty-five days spent in custody prior to his sentencing, claiming entitlement thereto under his Fifth Amendment rights and a recent interpretation of 18 U.S.C.A. § 3568 as amended in 1960 (hereafter called the 1960 amendment) by the Court of Appeals for the District of Columbia in Stapf v. United States, 367 F.2d 326 (D.C.Cir.1966). Since Sawyer's appeal here, the Fourth Circuit in Dunn v. United States, 376 F. 2d 191 (4th Cir. Feb. 24, 1967), has handed down an opinion following *Stapf*.

The 1960 amendment to 18 U.S.C.A. § 3568 provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: *Provided*, That the Attorney General shall give any such person credit toward service of his sen-

---

1. 18 U.S.C.A. § 2113 provides:

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

"Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

\* \: \* \* \* \* \* \*

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

"(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct."

tence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence. * * *

\*   \*   \*   \*   \*   \*

"No sentence shall prescribe any other method of computing the term."

At the outset, we note that Sawyer is serving a maximum sentence under his plea of guilty on the first count of the indictment under 18 U.S.C.A. § 2113(a). The statute does not prescribe a minimum mandatory sentence. We had occasion to discuss this statute in this regard in Scott v. United States, 326 F.2d 343, 344 (8th Cir.1964), and observed:

"Appellant's sentence was one of 3½ years under 18 U.S.C.A. § 2312, for violation of the Dyer Act. The offense was not one for which the statute prescribed a minimum mandatory sentence, and hence the situation was

subject to the general provisions of § 3568 and not to the proviso. Appellant, therefore, was without legal right to demand the relief sought in his motion, and no question of error or abuse of discretion can exist as a basis for an appeal. Cf. Byers v. United States, 10 Cir., 175 F.2d 654."

In our view, the 1960 amendment was adopted by the Congress to allow credit toward service of sentence for time spent in custody prior to imposition of sentence where the statute requires imposition of a minimum mandatory sentence. Prior to this statute, there was no such provision, and thus a sentencing court could not make such an allowance, even though desirable. The allowance of credit for time spent in custody for want of bail set where the sentence was imposed under a statute requiring a minimum mandatory sentence clearly seems to have been the intent of the Congress as plainly expressed in the 1960 amendment and its legislative history.[2]

---

2. Legislative History—1960 Amendment, 1960 U.S.Code Cong. & Adm.News, pp. 3288–3289.

    "House Report No. 2058

\*   \*   \*   \*   \*   \*   \*   \*

    "Explanation of Amendments

    "Amendment No. 1 is to make clear that the defendant receives credit for time spent in custody not only prior to trial but during the trial.

    "Its purpose is also to exclude credit for time spent in custody after sentence, such as while on appeal.

    "Amendment No. 2. The sponsors of this bill, as well as the Department of Justice, point out that this law is needed where the statute requires a minimum mandatory sentence in order to give a defendant credit for the time spent in custody prior to trial and sentence. In order to clarify the intent, it was decided to expressly spell out in the text of the bill the fact that this provision applies where the statute requires the imposition of a minimum mandatory sentence.

\*   \*   \*   \*   \*   \*   \*

    "Purpose

    "The purpose of this bill is to provide credit toward service of sentence for time spent in custody for want of bail prior to the imposition of sentence by the sentencing court where the statute

involved requires the imposition of a minimum mandatory sentence.

    "Statement

\*   \*   \*   \*   \*   \*   \*   \*

    "The primary purpose of the bill is to eliminate the disparity in sentences under certain statutes requiring mandatory terms of imprisonment. Under existing law a person charged with violating a statute requiring the imposition of a minimum mandatory sentence may not be credited with the time spent in custody for want of bail while awaiting trial. The result is that a sentencing court lacks authority to differentiate between the offender who has been free on bail before trial and one who has been in custody, because it is required to impose the same minimum mandatory sentence as to each.

    "Application of the proviso contained in the bill, where such credit is due, would preserve the existing statutory provision that service of sentence shall commence after sentence is imposed and commitment occurs thereunder. The computation of sentence would involve determination of the date of eligibility for release by crediting the sentence imposed with good time allowance at the rate applicable thereto, plus the period of presentence custody for want of bail.

■ In *Stapf*, the Court of Appeals for the District of Columbia dealt with an issue involving a defendant sentenced to a maximum term under a statute not requiring a mandatory minimum sentence. Stapf had been promptly admitted to bail in the amount of $1,000.00 but was unable to secure a bail bond. The court there ruled that Stapf was entitled to credit for time spent in custody prior to sentence, reasoning that the Congress so intended, because a literal application of the 1960 amendment would result in disparity of treatment and arbitrary classification. It rationalized that there was no legitimate basis for a classification requiring credit for presentence custody for lack of bail as to a minimum term offense but unavailable in less serious offenses not punishable by a minimum mandatory sentence. *Stapf* held such a construction was implicit from the 1960 amendment, its legislative history, and consistent with the Fifth Amendment. In the course of the *Stapf* opinion, the court discussed the 1966 amendment which requires the Attorney General to give persons credit toward service of sentence for any days spent in custody in connection with any criminal offense. The 1966 amendment, however, did not become effective until ninety days after June 22, 1966 and is applicable only to sentences imposed on or after the effective date. Pub.L. 89–465 § 6, 18 U.S.C.A. § 3146 (note).

*Stapf* distinguished our opinion in *Scott,* reasoning that the arbitrary issues dealt with in *Stapf* were not before the court in *Scott.*

The instant case is distinguishable from *Stapf* in more than one aspect. In the first place, the sentencing judge, after review of the presentence investigation report, sentenced Sawyer to a term of thirty years upon his pleas of guilty. Sawyer could have been sentenced to a maximum term of forty-five years under his pleas of guilty to the two counts. Our vacation order heretofore referred to had the effect of reducing the sentence to twenty years, and there is nothing in the record of this case to indicate that the sentencing court did not take into consideration the time Sawyer had been in custody prior to his sentence.[3] See United States v. Deaton, 364 F.2d 820, 822 (6th Cir.1966), citing our *Scott* case; Doelle v. United States, 301 F.2d 293 (7th Cir.1962).

Additionally, there is a more cogent reason why the *Stapf* holding is not applicable here. A close reading of the *Stapf* opinion and its discussion of that court's prior opinion in Epperson v. Anderson, 117 U.S.App.D.C. 122, 326 F.2d 665 (1963), makes plain that its ruling has no application to cases where a defendant was held in custody where bail was denied, as distinguished from cases where retention in custody was for want of bail. *Stapf,* supra 367 F.2d at 330. As stated, Sawyer was kept in custody because of the capital charge and not for want of bail.

We, therefore, find it unnecessary to concur in or reject the conclusion reached in *Stapf* and reserve our judgment on it until an identical issue is presented to this court. A strong argument could be made that the plain, simple and unambiguous language of the 1960 amendment defies resort to judicial construction. In any event for the reasons stated above, we do not reach this issue. The Honorable Richard E. Robinson, the sentencing judge, made note of *Stapf* and concluded that, under the facts here, Sawyer was not entitled to credit for time served in jail prior to his sentence either under the 1960 amendment or the 1966 amendment which specifically limits the latter's retroactive application. We agree with the sentencing court.

The judgment is affirmed.

---

In short, for purposes of the records the sentence imposed would stand intact and it would become effective as under existing law, with duration thereof subject to the credits just referred to."

3. Sawyer could have been sentenced to a term of twenty-five years upon his plea of guilty to Count III, § 2113(d).