Lonnie **MALONE**, Jr., Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 1317.**

United States District Court
N. D. Florida,
Tallahassee Division.
June 16, 1967.

Lonnie Malone, Jr., in pro. per.

Clinton N. Ashmore, U. S. Atty., Tallahassee, Fla., for respondent.

## ORDER

CARSWELL, Chief Judge.

This cause came on for consideration on petition for leave to proceed in forma pauperis and on petition for change of sentence under 28 U.S.C. § 2255. Basically, the petitioner asserts that he was arrested some 62 days prior to his sentencing on September 17, 1964. On that date this Court imposed the maximum sentence of five years for violation of 18 U.S.C. § 2312. Petitioner says this Court should now change its sentence so that the order of commitment under which he is being held should make the effective date of the commencement of his sentence 62 days prior to September 17, 1964.

■ The basis for the relief claimed here stems from the enactment of 18 U.S.C. § 3568. Petitioner cites several cases decided since the enactment of this statute June 22, 1966, among them Stapf v. United States, 367 F.2d 326 (D.C.Cir. 1966). Assuming without determining here that the facts asserted in this petition are true, that is, assuming that this petitioner was in fact incarcerated from July 17, 1964 to date of sentencing September 17, 1964 due to his failure to post bond in the amount set by the Court, it is clear that he would be entitled to credit for that time on his sentence imposed September 17, 1964 under the authority of 18 U.S.C. § 3568. It is also clear from a reading of this statute, how-ever, that the sentencing court need not make any change whatsoever in the original order of commitment in such case. The statute makes it clear that it is the duty of the Attorney General to take steps giving effectiveness to the statute. The second sentence reads: "The Attorney General shall give any such person credit * * *" This is a simple administrative function of the Attorney General through his authorized agents and deputies under the Director of the Bureau of Prisons. Court orders of commitment need not be changed at all as envisioned under 28 U.S.C. § 2255 in order to accomplish the full import of 18 U.S.C. § 3568.

■ This petitioner does not assert that the Attorney General has failed to give him credit for the 62 days involved here nor does he contend that the Attorney General will fail to do so. Neither does petitioner assert that he is being held longer than the 5 years minus the 62 days involved at present. There must be actual illegal detention in order to secure a writ of habeas corpus or to effect release under 28 U.S.C. § 2255. Doubtless, this petitioner will find that he has in fact been credited with the 62 days and that his release date has been advanced accordingly. In the event he is not, however, granted such credit the denial of this petition will not bar his subsequent petition to this Court for release nor would it bar a petition for writ of habeas corpus directed to the United States District Court having territorial jurisdiction of his place of confinement after and if the critical 62 days become operative upon him in confinement. It is, therefore, upon consideration, hereby

Ordered:

1. Motion to proceed in forma pauperis be and it is hereby granted.

2. Motion to vacate and set aside sentence heretofore imposed by this Court on September 17, 1964 be and it is hereby denied.