**Doyle Francis DAVIDSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 16665-3.**

United States District Court
W. D. Missouri, W. D.

Nov. 22, 1967.

Doyle Francis Davidson, pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION TO CORRECT, SET ASIDE, OR VACATE SENTENCE

BECKER, Chief Judge.

Petitioner, a convict confined in the United States Penitentiary in Atlanta, Georgia, under a judgment of conviction of the United States District Court for the Western District of Missouri, Western Division, pursuant to Section 4208 (b), Title 18, U.S.C., has filed in this Court a petition for post-conviction relief under Section 2255, Title 28, U.S.C. (also denominated "Motion to Correct Sentence Under Rule 35, F.R.Crim.P.") and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that after a plea of not guilty to a charge of kidnaping he was found guilty by a jury and sentenced to serve ten (10) years in the "U.S. Penitentiary at Atlanta, Georgia on the 9th day of Feburary, 1962" (sic); that he was arrested in April, 1961, and bond was set at $2,500.00; that ten days later his bond was raised to $5,000.00 "thus making it impossible to again make bond, due to [petitioner's] poverty"; that he was held in jail "for the charge that resulted in the (10) year sentence that he is now serving, from April, 1961, until he was sentenced to (10) years imprison-

ment on Feburary 9, 1962" (sic) ; that he is entitled to receive credit for the 270 days he spent in jail prior to being sentenced; that because he was unable to afford the bond after it was raised from $2,500.00 to $5,000.00 he was deprived of his Fifth Amendment rights; and that "[it] is obvious that this Court intended him to serve only (10) years, and not (10) years plus (270) days".

The official records of this Court state that petitioner (defendant) was indicted in one count for violating Section 1201 (a), Title 18, U.S.C. (kidnaping: transportation); that on October 20, 1961, petitioner (defendant) upon arraignment, pleaded not guilty to the indictment; that on December 8, 1961, after a jury trial, petitioner (defendant) was found guilty of "the offense of feloniously transporting in interstate commerce, one who had theretofore been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted and held for ransom, reward, and otherwise, to wit, sexual molestation, and was liberated unharmed", as charged in the one count indictment; that on February 9, 1962, this Court committed the petitioner (defendant) "to the custody of the Attorney General or his authorized representative for imprisonment for the maximum period prescribed by law" and that pursuant to Section 4208(b), Title 18, U.S.C., a psychiatric study of the petitioner (defendant) as provided in Section 4208(c), Title 18, U.S.C., was ordered with a report to be made to this Court within ninety (90) days, unless otherwise extended; that petitioner (defendant) "be returned to this Court upon completion of such study for review of sentence"; that petitioner (defendant) was granted an extension of time in which to file motions for a new trial and in arrest of judgment; and that these motions were denied on April 9, 1962.

The official Court records further state that on May 11, 1962, petitioner (defendant) appeared in this Court in person and by counsel for review of his sentence under Section 4208(b), Title 18, U.S.C.; that pursuant to the recom-

mendations of the Bureau of Prisons and the Medical Center for Federal Prisoners at Springfield, Missouri, the maximum term sentence originally entered was set aside and a sentence of ten (10) years was imposed to commence February 9, 1962; and that petitioner (defendant) was informed that pursuant to Section 4202, Title 18, U.S.C., he "would become eligible for parole at the end of forty months commencing February 9, 1962 * * * "

On May 15, 1962, an "Application for Leave to Appeal in Forma Pauperis" accompanied by affidavit was filed in this Court. On May 16, 1962, a "Notice of Appeal" was filed in this Court, and this Court entered an "Order Granting Leave to Defendant to Appeal in Forma Pauperis." On January 21, 1963, the United States Court of Appeals for the Eighth Circuit affirmed the judgment and sentence of the United States District Court for the Western District of Missouri, Western Division. Davidson v. United States (C.A.8) 312 F.2d 163.

Prior to the Bail Reform Act which became effective September 20, 1966, § 3568, Title 18, U.S.C., dealing with the effective date of sentence and the credit for time in custody prior to the imposition of sentence required the Attorney General of the United States to do the following:

" * * * *give any such person credit* *toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence."* (1960 amendment to § 3568, Title 18, U.S.C., emphasis added.)

This provision for automatic credit clearly seems to have been the intent of the Congress as seen in House Report No. 2058 (1960):

#### "Statement

"The primary purpose of the bill is to eliminate the disparity in sentences

under certain statutes requiring mandatory terms of imprisonment. Under existing law a person charged with violating a statute requiring the imposition of a minimum mandatory sentence may not be credited with the time spent in custody for want of bail while awaiting trial. The result is that a sentencing court lacks authority to differentiate between the offender who has been free on bail before trial and one who has been in custody, because it is required to impose the same minimum mandatory sentence as to each." (1960 U.S. Code Cong. & Admin.News, pp. 3288–3289.)

After the Bail Reform Act became effective in September, 1966, Section 3568, Title 18, U.S.C., made it mandatory upon the Attorney General to give persons credit toward service of sentence for any days spent in custody in connection with any criminal offense. The 1966 amendment was, however, made applicable only to sentences imposed on or after the effective date of the amendment and was not to be applied retroactively. Pub. L. 89–465, § 6, 80 Stat. 214, Section 3146, Title 18, U.S.C.A. (note).

Petitioner, in his motion, has cited cases from other circuits which, under varying circumstances all of which are not applicable to the present case, have granted credit toward sentences imposed before the 1966 amendment of Section 3568 for time spent in custody prior to the actual commencement of the sentence. See Stapf v. United States (1966) 125 U.S.App.D.C. 100, 367 F.2d 326; Dunn v. United States, (C.A.4 1967) 376 F.2d 191; Padgett v. United States, C.A. 4 1967, 387 F.2d 649. In view of these cases, petitioner now requests this Court, as the sentencing court, to credit his sentence with 270 days which he spent in custody for want of bail prior to the commencement of his ten-year sentence.

■ Petitioner should note that this Court is obligated to follow the decision of the Court of Appeals for the Eighth Circuit. In Sawyer v. United States (C.A.8 1967) 376 F.2d 615, that Court refused to apply retroactively the 1966 amendment of Section 3568, Title 18, U.S.C., in a fact situation more favorable to the defendant than is present in this case. In the *Sawyer* case the defendant was denied bail outright. Therefore, the controlling rule in this circuit on the two questions in this case is opposed to allowing credit for presentence custody for sentences imposed prior to September, 1966. On the first question in the *Sawyer* case, the Court of Appeals held that the proviso of Section 3568 (as it existed prior to the 1966 amendment) does not require credit for days spent in custody for want of bail on sentences for offenses which do not require a mandatory minimum sentence. On the second question in the *Sawyer* case, the Court of Appeals held that the 1966 amendment of Section 3568 granting credit for such time in custody in all cases is not retroactive. Therefore, the controlling decision in this circuit presently denies petitioner's claims under Section 3568.

■ Concerning petitioner's contention that this sentencing court by oversight failed to grant credit for the time spent in custody prior to sentencing, and assuming the power of this Court to rectify any oversight, it is hereby found that this Court was fully aware of such time in custody and took such time in custody in consideration in fixing the final sentence. In this case, after review of the recommendations of the Bureau of Prisons and the Medical Center for Federal Prisoners, the original sentence of life imprisonment was set aside and a sentence of ten years was imposed. The new sentence further provided that petitioner would be eligible for parole

---

1. This is a memorandum decision filed July 5, 1967, which deleted the presumption that a prisoner receiving less than a maximum sentence was granted credit for the period of presentence custody as established in the *Dunn* case. The court further held that "the effect of the deletion is to leave the matter open to be determined according to the facts in the particular case."

after forty months from the date of commencement of the new sentence (February 9, 1962). Section 4202, Title 18, U.S.C. In setting aside the maximum sentence and accepting the recommended sentence, this Court was aware of the time which petitioner had spent in jail during the pendency of his arraignment, trial, and sentencing even though this time was not expressly stated at his final sentencing proceedings on May 11, 1962. The new sentence had the effect of considerably shortening the maximum length of time which the petitioner would have to serve. Therefore, petitioner's motion seeking credit of 270 days toward his sentence will be denied without prejudice to renewal of the motion in this Court, or in habeas corpus or other appropriate proceedings filed when under petitioner's theory he is entitled to relief in the event that future developments in the law will justify the credit sought.

Attention is invited to the requirement in Section 3568 that the "Attorney General shall give * * * credit" for presentence custody. It is not yet finally determined whether a sentencing court may be required to vacate or amend lawful sentences which have been imposed for more than 120 days (cf. Rule 35 F.R. Crim.P.) and lawful at the time of rendition in a fact situation similar to one that petitioner has presented here. There are mechanical difficulties involving possible conflicting rulings in the holding on this question in the *Stapf* case, supra.

Petitioner has now served more than the minimum length of time required before being eligible for parole, so his eligibility for parole is not affected by the claimed credit for time spent in jail and that issue is moot.

When petitioner contends he has served his lawful sentence with statutory credits he can petition for a writ of federal habeas corpus employing the same theory that is embodied in his present 2255 motion. Petitioner is further advised that such a petition may be directed to the United States District Court located in the district where he is then imprisoned. Such a petition would be premature now under petitioner's theory.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the motion to vacate, correct or amend the sentence be, and it is hereby, denied without prejudice to petitioner's right to renewal in the event that future developments in the law justify renewal.