**LeRoy E. HOWARD, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Cr. No. 44–65.**

United States District Court
D. New Jersey.

Jan. 16, 1968.

On Motion and Application to Correct and/or Clarify Date of Commencement of Sentence

MADDEN, District Judge:

Petitioner, LeRoy E. Howard, is a federal prisoner confined in the United States Penitentiary at Lewisburg, Pennsylvania. On April 25, 1965, petitioner entered a plea of guilty to a violation of 18 U.S.C. § 2312, which prescribes a maximum term of five years but does not prescribe a minimum mandatory sentence, and was subsequently sentenced to five years imprisonment under 18 U.S.C. § 4208(a) (2).[1]

Pursuant to Rule 35, Federal Rules of Criminal Procedure, petitioner moves that the Court grant him credit for time spent in presentence custody for want of bail.

1. "§ 4208 Fixing eligibility for parole at time of sentencing

"(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

At the outset it should be noted that 18 U.S.C. § 3568, as amended in 1960, provided in part:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence.  *  *  *

\*  \*  \*  \*  \*  \*

"No sentence shall prescribe any other method of computing the term." [2]

In Stapf v. United States, 125 U.S.App. D.C. 100, 367 F.2d 326 (1966), the Court of Appeals for the District of Columbia held that prior to the amendment to 18 U.S.C. § 3568, under the Bail Reform Act of 1966, persons sentenced for offenses not involving minimum mandatory penalties must be given credit for jail time by the sentencing court.  Stapf had been sentenced to a maximum five year sentence for a violation of 18 U.S.C. § 2312, the same statute the petitioner in the present application had been charged with violating.  As was previously stated, 18 U.S.C. § 2312, does not prescribe a minimum mandatory sentence.

The Court of Appeals for the Fourth Circuit followed the Stapf case in Dunn v. United States, 376 F.2d 191 (1967), as did the Seventh Circuit in United States v. Smith, 379 F.2d 628, decided June 22, 1967.

Although petitioner, unlike Stapf, was sentenced pursuant to 18 U.S.C. § 4208 (a) (2), the Court is of the opinion that the Stapf decision should be followed in this instance.  Accordingly, the Attorney General is directed to grant petitioner credit toward his sentence for time spent in presentence custody for want of bail.

Wherefore, it is on this 16th day of January, 1968, ordered that petitioner's application for credit toward his sentence for time spent in presentence custody for want of bail is granted in accordance with this Memorandum.

---

2.  Section 18 U.S.C.A. § 3568 was amended, effective September 20, 1966, by § 4 of the Bail Reform Act of 1966, 80 Stat. 214 (1966), to require that credit be given for all presentence custody.