UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles Rudolph RUMBOUGH,
Defendant-Appellant.

No. 18315.

United States Court of Appeals
Sixth Circuit.

April 18, 1968.

---

Charles. Rudolph Rumbough, in pro. per.

J. H. Reddy, U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

On June 10, 1965, Charles Rudolph Rumbough, defendant-appellant, pleaded guilty to a violation of Section 2312, Title 18, U.S.C.[1] in the United States District Court for the Eastern District of Tennessee, Northeastern Division. His case was referred to the Probation Officer for pre-sentence investigation and he was released on $500 bond. He had been in federal custody since May 17th, having been transferred from state custody at that time. The appellant failed on two occasions to show up for sentence and he was arrested and taken into federal custody at Asheville, North Carolina, September 13th. On September 28th he was sentenced to the maximum penalty of five years subject to parole as provided by Section 4208(a) (2), Title 18, U.S.C. (Eligible for parole at such time as Parole Board may determine.) The appellant was committed to the United States Penitentiary at Atlanta, Georgia, on October 16, 1965.

On October 6, 1967, the appellant wrote a letter to the sentencing judge requesting that he be given credit on his sentence for the time that he spent in jail prior to sentence, including the time that he was in state custody from April 18, 1965. The district judge treated the letter as a motion under Section 2255, Title 28, U.S.C. and denied it for the reason that the amendment of June 22, 1966 (Public Law 89–465, Section 4, 80 Stat. 217) to Section 3568, Title 18, U.S.C. was not retroactive. This appeal followed.

The pertinent part of Section 3568, as amended in 1966 provides:

"The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense

---

1. "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been

stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

or acts for which sentence was imposed."

Section 6 of Public Law 89–465 provides:

"That the provisions of section 4 shall be applicable only to sentences imposed on or after the effective date."

We must therefore look to Section 3568 as it was at the time the appellant was sentenced. The pertinent part provides:

"That the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence."

This is known as the 1960 amendment to Section 3568.

The only time for which the appellant might be entitled to credit would be from May 17th to June 10th and from September 13th to September 28th, the time he was in federal custody prior to sentence. He would not be entitled to credit for the time he was in state custody.

The essence of the 1960 amendment is that one is allowed credit for the time that one is held in custody unable to make bail after it is set by the court. In Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326, 330, the court said:

"Since Epperson was denied bail and § *3568 only applies to those in custody for want of bail set,* the discrimination we have found arbitrary was not and could not have been at issue in that case." (Emphasis added.)

And at 329:

"It (1966 Amendment) also assures credit for all pre-sentence custody and *not merely custody for want of bail."* (Emphasis added.)

In Sawyer v. United States, 376 F.2d 615, 618 (C.A.8) the court said:

"A close reading of the Stapf opinion and its discussion of that court's

prior opinion in Epperson v. Anderson, 117 U.S.App.D.C. 122, 326 F.2d 665, (citations omitted), makes plain that its ruling has no application to cases where a defendant was held in custody where bail was denied, as distinguished from cases where retention in custody was for want of bail."

We have examined the record in this case and it does not appear that bail was ever set for the appellant during the period of May 17th to June 10th. He was therefore not retained in custody for want of bail. Neither was he held in custody for want of bail during the period from September 13th to the 28th. He was arrested on a Bench Warrant in Asheville, North Carolina on September 13th, because he failed to appear for sentencing on two prior dates that were set for that purpose. Consequently no bail was set between his arrest on the 13th and his sentence on the 28th.

The appellant argues that Public Law 89–465 (1966 amendment) is unconstitutional and cites in support thereof Dunn v. United States, 376 F.2d 191 (C.A.4) and Stapf v. United States, supra. As we have heretofore pointed out there was a statutory provision in Public Law 89–465 that the 1966 amendment was not applicable to sentences imposed prior to the effective date of the Act. Both Stapf and Dunn were decided under the 1960 amendment.

In Stapf and Dunn, as well as United States v. Smith, 379 F.2d 628, 634 (C.A. 7) the defendants were sentenced to maximum sentences and were unable to make bail which had been set. They were given credit for their pre-sentence jail time during which they were unable to make bail. These facts distinguish these cases from the case now before us where it does not appear that the appellant spent any time in custody for want of ability to make bail.

The judgment of the District Court is affirmed.