UNITED STATES of America,
Appellee,

v.

Gilbert Lewis WHITFIELD, Appellant.

No. 19425.

United States Court of Appeals
Eighth Circuit.

May 29, 1969.

Gilbert L. Whitfield, filed briefs pro se.

Veryl L. Riddle, U. S. Atty., and Daniel R. O'Neill, Asst. U. S. Atty., St. Louis, Mo., filed brief of appellee.

Before VAN OOSTERHOUT, Chief Judge, VOGEL, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

This is a timely in forma pauperis appeal from a final order denying defendant's Rule 35, Fed.R.Crim.P., motion to correct sentences imposed upon him for violations of 18 U.S.C. § 472 and 18 U.S.C. § 473. The defendant, on July 29, 1966, received two ten year sentences for his conviction on two counts of uttering counterfeit obligations in violation of 18 U.S.C. § 472 and another ten year sentence upon his conviction for dealing in counterfeit obligations in violation of 18 U.S.C. § 473. All three sentences ran concurrently.

The defendant was arrested on May 31, 1966. By reason of his inability to provide bail, he was incarcerated continuously from the date of his arrest to the date of his conviction, a period of sixty days.

He contends on this appeal that he is entitled to have the sentences imposed reduced by the period of his pre-sentence incarceration either under (1) the provisions of 18 U.S.C. § 3568, as amended in 1966, or (2) the provisions of 18 U.S.C. § 3568, as they existed at the time of his sentencing.

The defendant's contention that the provisions of 18 U.S.C. § 3568, as amended in 1966, require a reduction of his sentence is without merit. That statute which requires that "the Attorney General shall give any such [convicted] person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed" was not in effect at the time of the defendant's sentencing and is not retroactive. Noorlander v. United States, 404 F.2d 603, 604 (8th Cir.1968) ; Bandy v. Unit-

ed States, 396 F.2d 929, 930 (8th Cir.), cert. denied, 393 U.S. 1004, 89 S.Ct. 494, 21 L.Ed.2d 469 (1968). The defendant is, therefore, entitled to relief only if he qualifies under the terms of the 1960 version of § 3568:

> "* * * The Attorney General shall give any such [convicted] person credit towards service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence. * * *"

We do not believe he so qualifies: the statutes under which the defendant was sentenced did not require a mandatory minimum sentence, Noorlander v. United States, *supra*; and the sentences imposed under § 472 were less than the maximum and were concurrent with the sentence under § 473. United States ex rel. Saco v. Kenton, 386 F.2d 143, 145 (2d Cir.1967).

Neither Dunn v. United States, 376 F.2d 191 (4th Cir.1967), nor Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966), can be relied upon by this defendant. The Court, in each case, stated that a defendant sentenced under the law as it existed prior to 1966 was entitled to credit for time spent in custody prior to sentencing even though the statutes under which he was sentenced did not require a mandatory minimum sentence. In each case, however, the Court was directing its attention to situations in which a maximum sentence was imposed. In *Stapf*, the Court stated:

> "Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given. * * *" 367 F.2d at 330.

Here, the defendant was sentenced for less than the maximum and the presumption referred to in *Stapf* applies. It is possible that the sentencing judge considered the defendant's pre-sentence incarceration when he gave less than the maximum penalties under the § 472 convictions.

Affirmed.