Melvin C. **HOLT**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 17602.

United States Court of Appeals Seventh Circuit.

Jan. 23, 1970.

Melvin C. Holt, pro se.

Frank J. Violanti, U. S. Atty., Springfield, Ill., for appellee.

Before CASTLE, Chief Judge, and KILEY and KERNER, Circuit Judges.

CASTLE, Chief Judge.

On October 16, 1961, petitioner pleaded guilty to three counts charging him with interstate transportation of forged securities, in violation of 18 U.S.C. § 2314, and one count charging attempted escape from custody, in violation of 18 U.S.C. § 751. The district court sentenced de-

fendant to concurrent eight year prison terms on the three counts charging violation of § 2314, and a five year term on the count charging violation of § 751, the latter sentence to run concurrently with the former. The maximum term of imprisonment for conviction under § 2314 ·is ten years and the maximum under § 751 is five years. On March 6, 1969, petitioner filed a motion pursuant to 28 U.S.C. § 2255, asking that a credit of 117 days, representing petitioner's pre-sentence confinement due to his inability to secure a bail bond, be deducted from his sentence. The district court denied the motion and petitioner brought this appeal. We affirm.

Since the 1966 amendment of 18 U.S.C. § 3568, which requires that all time spent in pre-sentence confinement be credited to the prisoner's sentence, is applicable only to sentences imposed after the effective date of the amendment, September 20, 1966,[1] we must look at the law as it stood prior thereto.

The leading case of United States v. Stapf, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966), held that by amending 18 U.S.C. § 3568 in 1960 to provide an automatic credit of pre-sentence time served for mandatory minimum term offenses, Congress also intended such credit to be given if the maximum sentence allowed under the law was imposed. Many other cases have followed the holding of *Stapf*: United States v. Smith, 379 F.2d 628 (7th Cir. 1967), *cert. den.* 389 U.S. 993, 88 S.Ct. 491, 19 L.Ed.2d 486; Sobell v. United States, 407 F.2d 180 (2d Cir. 1969); Dunn v. United States, 376 F.2d 191 (4th Cir. 1967); United States v. Whitfield, 411 F.2d 545 (8th Cir. 1969); Bryans v. Blackwell, 387 F.2d 764 (5th Cir. 1967); Lee v. United States, 400 F.2d 185 (9th Cir. 1968).

■ Thus, credit for time spent in custody awaiting trial, due to inability to secure bail, must be given to prisoners where the offense carried a mandatory minimum sentence or where the sentence imposed was the maximum allowed by law for the offense. Also, where the actual time spent in custody would exceed the maximum sentence allowed, pretrial credit must be given to the extent of such excess over the maximum. However, as the Court stated in Noorlander v. United States, 404 F.2d 603, 604 (8th Cir. 1968),

" * * * Where, as here, no minimum sentence is required and the sentence imposed is less than the maximum, courts have presumed that the sentencing court in imposing sentence took into consideration the pre-sentence time served. Lee v. United States, 9 Cir., 400 F.2d 185, 188; Ashworth v. United States, 6 Cir., 391 F.2d 245; Huber v. United States, 5 Cir., 390 F.2d 544; Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326.[2]

See also United States v. Whitfield, *supra*, 411 F.2d at 546.

■ It is clear from the record, therefore, that petitioner in the instant case is entitled to no relief. Although he was given the maximum sentence under the count charging him with attempted escape, in violation of 18 U.S.C. § 751, this sentence was to be served concurrently with. the less than maximum term imposed under the other three counts. We agree with the holding of United States ex rel. Sacco v. Kenton, 386 F.2d 143, 145 (2d Cir. 1967), where the Court stated:

"In the present case the petitioner received the maximum sentence on the second count and, even if he were credited on that count under the ruling in *Stapf,* it would avail him nothing because he would still have to serve the concurrent five year sentence under the first count, which was considerably below the maximum provided for the offense. Amato v. United

---

1. Pub.L. 89–465, § 6.

2. We note that as distinguished from the instant case, in all the cases cited above holding that credit should be given for time served in pre-sentence custody, including United States v. Smith, *supra,* in which this Court decided to follow the ruling in *Stapf,* the prisoners had been sentenced to *maximum* terms.

States, 374 F.2d 36 (3 Cir. 1967). This circumstance makes the petitioner's point on this appeal purely academic and of no real consequence."

Petitioner's argument that he received a maximum sentence apparently arises from his misunderstanding of the word "maximum" as used by the district court in pronouncing sentence. Thus, the court's statement that it was imposing a "maximum" sentence of eight years did not mean that this was the maximum term allowable for violation of § 2314, but rather that eight years was the "maximum sentence of imprisonment to be served," as prescribed by 18 U.S.C. § 4208(a)(2).

For the foregoing reasons, the judgment below is affirmed.

Affirmed.