Arthur Irvin **MILLER**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 71–508.**

United States District Court,
W. D. Pennsylvania.

June 3, 1971.

Arthur Irvin Miller, for petitioner.

## OPINION AND ORDER

MARSH, Chief Judge.

Petitioner, Arthur Irvin Miller, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, has filed a letter with this court requesting a correction or modification of his sentence so as to gain credit for the time he spent in custody for want of bail prior to the date of sentencing. He alleges that the total time so spent in custody was from January 27, 1966 to April 7, 1966, the date on which he was sentenced. Petitioner's letter will be treated as a motion pursuant to 28 U.S.C. § 2255 to correct the sentence imposed upon him.

On April 7, 1966, petitioner pleaded guilty to three counts charging him with interstate transportation of falsely made and forged securities, in violation of 18 U.S.C. § 2314. The maximum possible sentence on each count was 10 years, but petitioner was sentenced to a five year prison term on each count, such sentences to run concurrently.

On April 26, 1971, petitioner filed his motion with this court asking that credit be given to him for his presentence confinement due to his inability to secure bail bond. We believe this motion must be denied.

■ The effective date of sentence is controlled by statute, 18 U.S.C. § 3568. In 1966 this statute was amended to require the Attorney General to give administrative credit for any presentence custody incurred in connection with the offense for which sentence is imposed. This amendment is only applicable to sentences imposed after September 20, 1966; therefore, this case is not controlled by the amendment, and we must look to the law as it stood prior thereto.

■ The 1960 amendment to 18 U.S.C. § 3568 provided an automatic administrative credit by the Attorney General for presentence time served in connection with an offense which required the imposition of minimum mandatory sentence. The leading case of Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966), held that this 1960 amendment would create an irrational and arbitrary discrimination, unless sentencing courts had been providing credit for presentence custody to all defendants who were not granted credit administratively by virtue of the 1960 amendment. The court's holding was clear, ever since the 1960 amendment it had been the sentencing court's duty to credit a defendant's sentence with presentence custody, unless such credit was administratively given. Many other cases have followed the holding of Stapf: Dunn v. United States, 376 F.2d 191 (4th Cir. 1967); United States v. Smith, 379 F.2d 628 (7th Cir. 1967), cert. denied, 389 U.S. 993, 88 S.Ct. 491, 19 L.Ed.2d 486 (1967); Bryans v. Blackwell, 387 F.2d 764 (5th Cir. 1967); Lee v. United States, 400 F.2d 185 (9th Cir. 1968); Sobell v. United States, 407 F.2d 180 (2d Cir. 1969); United States v. Whitfield, 411 F.2d 545 (8th Cir. 1969).

In applying the Stapf decision, the majority of courts have held that where a minimum sentence is not required and the sentence imposed is less than the maximum, it will be presumed that the sentencing court took the presentence time served into consideration. Stapf v. United States, supra; Huber v. United States, 390 F.2d 544 (5th Cir. 1968); Ashworth v. United States, 391 F.2d 245 (6th Cir. 1968); Lee v. United States, supra; Holt v. United States, 422 F.2d 822 (7th Cir. 1970). But, at least one circuit has left the question of whether a prisoner was given presentence credit open for determination based upon the facts of each individual case. Padgett v. United States, 387 F.2d 649 (4th Cir. 1967). The Court of Appeals for the Third Circuit has not passed upon this issue.

■ On our present facts, assuming that the Court of Appeals for this Circuit will adopt the Stapf rationale, and follow the majority rule, the present petitioner is not entitled to relief.

Petitioner was sentenced to much less than the maximum allowed for three violations of 18 U.S.C.A. § 2314; therefore, the majority of courts would presume that he was given credit for his presentence incarceration.

In addition, the official record of the sentencing shows that credit was in fact given to petitioner for his presentence time. Immediately before passing sentence, the court said:

> "We will give you ten years' credit for the time that you spent in jail and in consideration of your army service. Therefore, the sentences shall run concurrently and you too may be released on parole at the discretion of the parole board." [1]

Even following the minority view of the Fourth Circuit, there is no legal basis for affording petitioner the relief he has prayed for. See: United States v. Lawrenson, 383 F.2d 77 (4th Cir. 1967).

For the above reasons, petitioner's motion must be denied.

An appropriate order will be entered.

---

1. See excerpt of sentencing proceedings held on April 7, 1966 in United States v. Arthur Irvin Miller, Criminal No. 66-58.