[No. 87-40653-1.   Division One.   February 16, 1970.]
Panel 1

*In the Matter of the Application for a Writ of Habeas Corpus of* MARK EDWIN COOK, *Petitioner*, v. B. J. RHAY, *Respondent.*

*Mark Edwin Cook,* pro se.

*Slade Gorton, Attorney General,* and *Lee D. Rickabaugh, Assistant,* for respondent.

JAMES, C. J.—Mark Cook is imprisoned in the state penitentiary at Walla Walla, Washington. Appearing pro se, he petitioned the Superior Court for Walla Walla County for a writ of habeas corpus to secure his release. His petition was denied, and he appeals.

Cook was found guilty of three counts of robbery in King County cause No. 31530. On May 7, 1958, he was sentenced to a term of not more than 20 years on each count, with each sentence to be served concurrently. He was released from confinement by an order of parole issued on July 11, 1962.

By a written order pursuant to RCW 9.95.120, his parole was suspended on April 30, 1965, because of his arrest for the commission of three more robberies. He was thereafter found guilty of all three counts of robbery in King County cause No. 42468 and on September 24, 1965, sentenced to not more than 50 years on each count, each sentence to run concurrently. He appealed this conviction, and the judgment was affirmed by an opinion of the Supreme Court dated March 16, 1967. *State v. Cook,* 70 Wn.2d 715, 424 P.2d 1006 (1967). The case was remitted to the superior court on June 5, 1967, and on June 6, 1967, a warrant of commitment to the Department of Institutions was issued. On June 13, 1967, again pursuant to RCW 9.95.120, the Board of Prison Terms and Paroles entered an order "reinstating" Cook on parole in cause No. 31530 "as of 4-30-65." By order dated July 6, 1967, the board determined that Cook's duration of confinement under the judgment and sentence in cause No. 42468 should be 30 years.

Concerning the entry of the June 13 nunc pro tunc order, the trial judge made the following conclusion of law:

> That the reinstatement of the petitioner on parole in King County Cause No. 31530 by Order of the Board of Prison Terms and Paroles on June 13, 1967, in order that the petitioner could commence serving the sentence in King County Cause No. 42468 is appropriate and within the intent and authority of RCW 9.95.062 and RCW 9.95.110.

Conclusion of Law 2.

Cook first complains of the trial judge's interpretation of the June 13, 1967, order. In his brief, he asserts that, "[t]he lower court construed the facts in such a way that the reinstatement of the parole took effect as of June 13, 1967."

Cook's interpretation of the trial judge's conclusion is erroneous. The trial judge correctly concluded that the effect of the order was to permit Cook to receive credit against his term of imprisonment in cause No. 42468 for his confinement subsequent to April 30, 1965. Had not the nunc pro tunc order been entered, Cook's confinement under cause No. 31530 would have continued. Under the provi-

sions of RCW 9.92.080[1] he could not have begun to serve his time under No. 42468 and could not be given credit for the time he was confined in the county jail pending trial and pending the disposition of his appeal as provided by RCW 9.95.062.[2] *St. Peter v. Rhay,* 56 Wn.2d 297, 352 P.2d 806 (1960).

Cook next contends that the board acted improperly in fixing his duration of confinement at 30 years in cause No. 42468. His argument is this: He was not informed that the parole board, on June 13, 1967, restored him to parole status in No. 31530 "as of 4-30-65." He says that had he been so informed, he could have advised the trial judge of his parole in No. 31530 at the time of the imposition of sentence in No. 42468 (September 24, 1965). He reasons that he might have been able to persuade the trial judge to grant him probation or to fix a maximum term less than the 30 years the board imposed administratively. He emphasizes that RCW 9.95.120 provides that the board's decision to reinstate parole must be based upon its determination that "the best interests of society and the individual shall best be served by such reinstatement rather than a return to a penal institution."

The obvious flaw in Cook's argument is that at the time

---

[1]"Whenever a person shall be convicted of two or more offenses before sentence has been pronounced for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction shall commence at the termination of the first or other prior term or terms of imprisonment to which he is sentenced; and whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided* that whenever a person is convicted of two or more offenses set forth as separate counts in one indictment or information the court may, in pronouncing sentence, provide that sentences therefor shall run concurrently."

[2]"An appeal by a defendant in a criminal action shall stay the execution of the judgment of conviction.

"In case the defendant has been convicted of a felony, and has been unable to furnish a bail bond pending the appeal, the time he has been imprisoned pending the appeal shall be deducted from the term for which he was theretofore sentenced to the penitentiary, if the judgment against him be affirmed."

of sentencing in No. 42468 (September 24, 1965), his parole in No. 31530 had been revoked, and he was being held in the county jail. The nunc pro tunc order restoring him to parole status in No. 31530 was not entered until June 13, 1967, nearly 2 years *after* sentencing in No. 42468. Clearly, the board did not determine in Cook's case, when it entered its nunc pro tunc order reinstating his parole, that "the best interests of society and the individual shall best be served by such reinstatement rather than a return to a penal institution." As previously noted, the nunc pro tunc aspect of the order reinstating his parole was designed solely to benefit Cook by making possible credit on No. 42468 for all confinement subsequent to April 30, 1965. As matters stand, Cook has served his term of imprisonment in No. 31530, and he is presently on parole in that cause. He is now serving his term of imprisonment, 30 years, in No. 42468. That term will expire on April 30, 1995, unless the board chooses to redetermine his term of imprisonment.

We find no merit in Cook's contentions.

Judgment affirmed.

FARRIS and SWANSON, JJ., concur.