[No. 14135-7-III.    Division Three.    July 16, 1996.]

THE STATE OF WASHINGTON, *Respondent,* v. DERAL ASHBAKER, *Appellant.*

*L. Stanley Moore*, for appellant.
*Steven M. Lowe, Prosecuting Attorney*, for respondent.

SCHULTHEIS, A.C.J., — Deral Ashbaker, a juvenile, appeals his sentence of 30 days' confinement. He claims the court erred in not providing him credit for the time he was on electronic monitoring. We vacate the sentence and remand for resentencing.

## FACTS

On April 22, 1994, Mr. Ashbaker pleaded guilty to burglary in the second degree. The court released Mr. Ashbaker and placed him on electronically monitored home detention pending sentencing. On June 1, the court sentenced Mr. Ashbaker to 30 days' confinement. The court credited Mr. Ashbaker for eight days served after his arrest and before his release but denied credit for any time under electronic monitoring. The court stayed his sentence during this appeal.

## DISCUSSION

Mr. Ashbaker's sole basis for appeal is that the court

erred in not crediting him for the time he was on electronic monitoring.

No case has addressed whether juveniles should receive credit for time they have spent in electronically monitored home detention. The issue, though, has been considered for adults. In *State v. Speaks*, 119 Wn.2d 204, 207-08, 829 P.2d 1096 (1992), the Washington Supreme Court held that the Sentencing Reform Act of 1981 (SRA) required a credit for all confinement time. In turn, the SRA's definition of "confinement" included electronically monitored home detention. *Speaks*, 119 Wn.2d at 207-08; former RCW 9.94A.120(14); RCW 9.94A.030(8), .030(6), former .030(40). Thus, *Speaks* requires sentencing courts to give adult offenders credit for presentence confinement time served on electronically monitored home detention. *Speaks*, 119 Wn.2d at 206.

The State, nonetheless, attempts to distinguish *Speaks* since it depended on the SRA, and the Juvenile Justice Act of 1977 (JJA) contains no similar requirement. Despite the differences in the two statutes, we may use decisions interpreting the SRA in cases arising under the JJA when no contrary intent or authority exists. *State v. P.B.T.*, 67 Wn. App. 292, 302, 834 P.2d 1051 (1992), *review denied*, 120 Wn.2d 1021 (1993); *see generally State v. Bird*, 95 Wn.2d 83, 88-89, 622 P.2d 1262 (1980) (allowing the suspension of a sentence despite not being permitted under the JJA); *State v. Norton*, 25 Wn. App. 377, 380, 606 P.2d 714 (allowing dismissal of charges after restitution to the victim as it is consistent with statute authorizing compromise of a misdemeanor), *review denied*, 93 Wn.2d 1026 (1980).

The State does not identify why the JJA has a different intent concerning credit for electronically monitored home detention. To the contrary, decisions have interpreted the JJA as contemplating that sentencing courts will credit juveniles. *In re Trambitas*, 96 Wn.2d 329, 333-34, 635 P.2d 122 (1981); *State v. Cook*, 37 Wn. App. 269, 273, 679 P.2d 413 (1984). The statute, in fact, requires a juvenile

dispositional order to state the number of days credited, "[w]henever a juvenile offender is entitled to credit for time spent in detention prior to a dispositional order . . . ." RCW 13.40.160(7). Clearly, in certain instances a juvenile should receive credit for confinement before sentencing.

Further, under the JJA Mr. Ashbaker could have faced electronically monitored home detention for the offense he committed. A sentencing court must credit defendants' jail time before sentencing against their maximum, mandatory minimum, and discretionary minimum sentences. *Reanier v. Smith*, 83 Wn.2d 342, 352-53, 517 P.2d 949 (1974); *see also Trambitas*, 96 Wn.2d at 334 (applying *Reanier* rule to juveniles). A sentencing court awards credit because the defendant has served part of the sentence before trial. *See Reanier*, 83 Wn.2d at 351.

Here, the court sentenced Mr. Ashbaker as a middle offender under option B. Under that option, the statute allows a juvenile court to impose up to 12 months of community supervision, 150 hours of community service, a $100 fine and a posting of probation bond. RCW 13.40.0357.[1] If the court finds aggravating factors, as it did here, the court may also impose up to 30 days' confinement. RCW 13.40.0357. "Confinement" is physical custody in a detention facility operated by or pursuant to a contract with any county. RCW 13.40.020(7). In turn, "detention facility" includes electronic monitoring. RCW 13.40.020(11). Thus, under RCW 13.40.0357 Mr. Ashbaker's sentence could have included 30 days of electronic monitoring.

■ In this instance, we see no reason, nor is one brought to our attention, why adults should receive credit and juveniles should not. We are persuaded, then, that the court's holding in *Speaks* should also apply to juveniles. We hold that the court should credit Mr. Ashbaker with that time he spent on electronically monitored home detention.

---

[1]The posting of a probation bond was added by LAWS OF 1995, ch. 395, § 3.

634

We vacate Mr. Ashbaker's sentence and remand for resentencing consistent with this opinion.

MUNSON and THOMPSON, JJ., concur.