**FILED**
**AUGUST 18, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36190-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| JUAN ENRIQUEZ-MARTINEZ, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Juan Enriquez-Martinez appeals from a decision of the Klickitat County Superior Court declining to grant additional credit for time served in Oregon against his Washington sentence. We affirm.

PROCEDURAL HISTORY

Mr. Enriquez-Martinez was arrested in Oregon April 21, 2014, for several sexual offenses against a minor. He has remained in custody since that day. The Klickitat County Prosecuting Attorney filed one count of first degree child rape and one count of first degree child molestation, both involving the same victim as the Oregon offenses, against Mr. Enriquez-Martinez the following month. The crimes were alleged to have been committed between 2009 and 2013.

The Klickitat County Superior Court issued an arrest warrant for Mr. Enriquez-Martinez with no bail. It was served on him in Oregon on June 11, 2014. The parties

eventually negotiated a joint resolution of both cases that called for concurrent sentences of approximately the same length. Oregon released Mr. Enriquez-Martinez to Klickitat County. He arrived there January 18, 2016. The rape charge was dismissed the following day in exchange for a guilty plea to the child molestation count. With no prior convictions, he faced a minimum term of 51 to 68 months' confinement and a maximum term of life in prison. Judge Brian Altman imposed a minimum term sentence of 68 months and the mandatory maximum term of life in prison on February 16, 2016. The court directed that the jail award credit for time served solely on the Washington cause number.

Mr. Enriquez-Martinez began serving his sentence in Washington. He was returned to Oregon where he entered guilty pleas to one count of attempted child sexual abuse in the first degree and one count of attempted unlawful sexual penetration of a child in the first degree; five other charges were dismissed on November 16, 2016. By the agreement of the parties, the court on December 8, 2016, imposed an upward durational departure sentence by running terms of 14 months and 56 months consecutively to each other. Both counts were ordered to be served concurrently with the Washington sentence. The Oregon court also credited Mr. Enriquez-Martinez with time served from his arrest on April 21, 2014.

Mr. Enriquez-Martinez returned to Washington to continue serving his sentence. At that point, he was serving a 70 month Oregon sentence that began (due to credit) in

April 2014, concurrently with a 68 month minimum term Washington sentence that began (due to credit) in January 2016. He filed a motion with Klickitat County seeking to obtain credit for the time period after the service of the Washington charges upon him in Oregon in June 2014.

Due to the retirement of Judge Altman, the matter was assigned to the Honorable Randall Krog. The court reviewed the briefing of the parties and heard argument of the motion. Judge Krog denied relief. Mr. Enriquez-Martinez then appealed to this court.

Counsel was appointed for Mr. Enriquez-Martinez. Counsel initially filed an *Anders*[1] brief, but subsequently sought to withdraw the brief in light of *State v. Lewis*, 184 Wn.2d 201, 355 P.3d 1148 (2015). Our commissioner granted the request and a new brief was filed arguing that *Lewis* required that credit be awarded. A panel subsequently considered the appeal without hearing oral argument.

ANALYSIS

The sole issue presented by the appeal is whether *Lewis* requires backdating the credit in Washington to include the time period spent in custody in Oregon after Washington charges were filed.[2] We conclude that it does not.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).
[2] Mr. Enriquez-Martinez also filed a statement of additional grounds that likewise challenges the credit for time served calculation. Since it is repetitive of counsel's brief, we decline to address it. RAP 10.10(a).

As Mr. Enriquez-Martinez notes, this court typically reviews a trial court's CrR 7.8 ruling for abuse of discretion. *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 879-80, 123 P.3d 456 (2005). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Discretion also is abused when a court acts on an incorrect legal standard. *State v. Quismondo*, 164 Wn.2d 499, 504, 192 P.3d 342 (2008).

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, requires that a sentencing court "give the offender credit for all confinement time served before sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." RCW 9.94A.505(6). This reflects the constitutional requirement that an offender be credited for each day of confinement served prior to sentencing. *Reanier v. Smith*, 83 Wn.2d 342, 352-53, 517 P.2d 949 (1974); *In re Pers. Restraint of Costello*, 131 Wn. App. 828, 832, 129 P.3d 827 (2006).[3] However, the constitutional requirement that each day of preconviction detention be credited to the offender does not apply to multiple sentences. *In re Pers. Restraint of Phelan*, 97 Wn.2d 590, 597, 647 P.2d 1026 (1982); *Costello*, 131 Wn. App. at 833.

---

[3] Offenders, who are subject to both minimum and maximum sentence terms, such as Mr. Enriquez-Martinez, are entitled to credit against both the minimum sentence and the maximum sentence. *Reanier*, 83 Wn.2d at 352.

At issue in *Lewis* was the allocation of time served in a county jail awaiting trial on multiple criminal cases. There the defendant had been arrested on multiple charges that were grouped into three cause numbers. Unable to make bail, the defendant remained in jail pending resolution of the cases. *Lewis*, 184 Wn.2d at 202-03. The first charge to resolve was sentenced August 31, 2012; the sentencing judge gave Mr. Lewis credit for the 387 days spent in jail to that point. *Id.* at 203. The remaining cause numbers were resolved by guilty pleas in October and November 2012. They were jointly sentenced on December 14, 2012. *Id.* At that hearing, the trial court gave credit for the 387 days spent in custody prior to the first sentencing, and also gave credit for the subsequent days of detention that overlapped with the first sentence. *Id.*

The State appealed to Division Two, arguing that the trial court could not also credit the December sentence with the same 387 days already given to the August sentence. *Id.* at 203-04. Construing RCW 9.94A.505(6), Division Two reversed the 387 days credit given in December as well as the credit for time served after the August sentencing. *Id.* at 204. Mr. Lewis successfully petitioned for review of both rulings. *Id.*

The State conceded error on the 387 day credit and the court accepted that concession. *Id.* at 205. Since the court imposed concurrent sentences, using the statute to pick and choose which crimes would get pretrial detention credit and which would not amounted to a violation of equal protection. *Id.* However, it was error for the trial court

to grant credit in December for the time served after the August sentencing. *Id.* at 205-06.

An offender who is serving his sentence is not in the same position as a person who was

denied bail pending trial. *Id.* at 206. The constitution does not require that time served

following sentencing be credited to other offenses awaiting disposition. *Id.*

> A distinguished commentator summed up this area of law after *Lewis*:

> Credit is not allowed for time served on other charges, even if the sentence
> is concurrent with the sentence on those charges. If an offender is confined
> on multiple charges simultaneously, the computation depends on whether
> the offender has been sentenced. If the offender has not yet been sentenced
> on any charge, he or she is entitled to have all time served on multiple
> charges credited towards confinement on each charge. After sentencing on
> any charge, a different rule applies: time credited on a charge for which the
> offender has been sentenced cannot be credited towards other crimes for
> which sentencing has not yet occurred.

13B SETH A. FINE, WASHINGTON PRACTICE: CRIMINAL LAW § 3603, at 195 (2d ed. &

Supp. 2018) (footnotes omitted).

Mr. Enriquez-Martinez argues that *Lewis* requires he be credited with the time he

spent in Oregon after service of the Washington arrest warrant and prior to his return to

Washington. It does not. His argument fails on multiple grounds.

The most obvious problem is that Judge Altman did not, and could not, impose a

concurrent sentence. There was only one count before him for sentencing and the

Oregon offenses had not yet been sentenced, so there was no possibility of ordering a

concurrent sentence.[4]  RCW 9.94A.505(6) had no application at all, and *Lewis*'s interpretation of the statute likewise was irrelevant to the case.

There is another reason that *Lewis* is not implicated in this case.  The Washington court issued a *no bail* warrant.  Whether Mr. Enriquez-Martinez was rich or poor would have made no difference concerning his ability to have achieved pretrial release on the Washington offense.  The equal protection concerns at the heart of the *Lewis* opinion were not of concern here.

In addition, the record does not establish a constitutional violation.  Oregon credited him for every day spent in custody, including any time that overlapped with the Washington detention and the Washington sentence.  Thus, the dictates of the constitution have been satisfied.  *Phelan*, 97 Wn.2d at 594 (*citing Reanier*, 83 Wn.2d at 346).

Judge Krog did not err by denying the motion for additional credit.

---

[4] If Oregon had already imposed sentence, it would have significantly (and very negatively) impacted Mr. Enriquez-Martinez.  In addition to raising the offender score by six points, RCW 9.94A.525(17) (prior sex offenses count three points in scoring current sex offenses) greatly increased the minimum term for this offense, and the trial court would have had complete discretion to impose either concurrent or consecutive sentences with Oregon.  RCW 9.94A.589(3).  Whatever additional credit may have been available would have been swamped by the increase in range and possible consecutive sentencing.

No. 36190-0-III
*State v. Enriquez-Martinez*

Affirmed.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

8