**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 87107-2-I |
| Respondent, | |
| v. | DIVISION ONE |
| MICHAEL STEPHEN YEH, | UNPUBLISHED OPINION |
| Appellant. | |

FELDMAN, J. — Michael Stephen Yeh appeals his sentence for attempted robbery in the first degree. He argues the sentencing court erred when it denied his request for credit for confinement time served on other charges in another county. Finding no error, we affirm.

I

Yeh was charged in Snohomish County on June 30, 2023 with first degree robbery and hit-and-run with injury arising out of a robbery in which he drove the getaway car. That same day, the Snohomish County Superior Court found probable cause and issued a warrant for Yeh's arrest on these charges. The warrant correctly listed Yeh's address as the "King County Correctional Facility" in Seattle, but was not served on Yeh at the jail. As the Snohomish County prosecutor explained below, it is "not normal[]" to serve arrest warrants on individuals incarcerated in other counties. At that time, Yeh was held on bail in

King County jail on various King County felony offenses involving alleged identity theft. He eventually pleaded guilty to the charges and was sentenced on May 17, 2024, in King County Superior Court to 50 months of confinement with credit for time served and transported to the Washington Department of Corrections following sentencing. The King County proceedings are relevant but not at issue in this appeal.

On July 15, 2024, Yeh pleaded guilty in Snohomish County Superior Court to an amended count of attempted robbery in the first degree and was sentenced to 108 months of confinement to run concurrently with his King County sentence. Relevant to this appeal, Yeh argued he should have been given credit for confinement time served in the King County jail while he had an active felony warrant and pending charges in Snohomish County (a total of approximately 10 months). The sentencing court declined to award such credit, stating: "I do not find case law that supports the giving of credit for time when an outstanding warrant was issued but not served."

Yeh appeals.

II

Yeh argues the sentencing court erred when it denied his request for credit for confinement time served in the King County jail while he had an active felony warrant and pending charges in Snohomish County.[1] We disagree.

RCW 9.94A.505(6) governs credit for confinement time served before sentencing. It provides, "The sentencing court shall give the offender credit for all

_____

[1] Yeh does not argue that his attorney could have but failed to facilitate service of the warrant in anticipation of a "global" resolution.

confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." We review issues of statutory construction de novo. *Pub. Util. Dist. No. 2 of Pac. County v. Comcast of Wash. IV, Inc.*, 8 Wn. App. 2d 418, 449, 438 P.3d 1212 (2019). "Statutory construction begins by reading the text of the statute or statutes involved. If the language is unambiguous, a reviewing court is to rely solely on the statutory language." *State v. Roggenkamp*, 153 Wn.2d 614, 621, 106 P.3d 196 (2005).

Applying the unambiguous language of RCW 9.94A.505(6), the trial court did not err in denying Yeh's request for credit for confinement time served in the King County jail while he had an active felony warrant and pending charges in Snohomish County. That is so because Yeh was confined in King County jail in regard to the identify theft charges in King County, not the pending charges in Snohomish County. Thus, the trial court could not properly grant Yeh's request for credit for confinement time served in the King County jail because RCW 9.94A.505(6) limits credit for confinement time served before sentencing to confinement "in regard to the offense for which the offender is being sentenced."[2]

Contrary to Yeh's argument, *State v. Enriquez-Martinez*, 198 Wn.2d 98, 492 P.3d 162 (2021), does not require a different result. There, Enriquez-Martinez was arrested in Oregon on charges related to sexual offenses against a minor. *Id.* at 100. While he was in custody in Oregon, charges related to abuse of the same

---

[2] To mandate the result advocated by Yeh, the legislature could amend RCW 9.94A.505(6) to require sentencing courts to give offenders credit for confinement time served before sentencing in regard to offenses *other than* those for which they are being sentenced where, as here, the sentences for those offenses are to be served concurrently. But that is not what RCW 9.94A.505(6) says, and "[w]e cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language." *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003).

victim were filed in Washington. *Id.* The Washington court issued a no-bail warrant for his arrest and served the warrant on Enriquez-Martinez in Oregon. *Id.* Enriquez-Martinez continued to be held in custody in Oregon. *Id.* Several months later, he accepted a global plea offer to resolve all charges in both states. *Id.* Under that plea deal, he would receive concurrent sentences and be given credit for confinement time served before sentencing. *Id.*

Enriquez-Martinez was subsequently transferred to Washington to enter his plea. "As part of the boilerplate language of the judgment and sentence, he received 'credit for time served prior to sentencing if that confinement was solely under this cause number.'" *Id.* at 100-01 (quoting judgment and sentence). When Enriquez-Martinez began serving his sentence in Washington, he was not given credit for time served in Oregon before sentencing. *Id.* at 101. To resolve that issue, he filed a motion "to correct his sentence to make clear he was entitled to credit for the time he had served after the Washington warrant was served." *Id*. The trial court denied his motion, and the court of appeals affirmed. *Id.*

The Supreme Court granted review and reversed. *Id.* at 100. Although Enriquez-Martinez had not been confined in Oregon *solely* in regard to the offense for which he was sentenced in Washington, the court held "a defendant is entitled to credit for all the time they were confined on charges prior to sentencing on those charges, regardless of how many charges they were held on." *Id*. at 103. The court explained:

> As a matter of constitutional law, defendants are entitled to credit for all time served in confinement on a criminal charge, whether that time is served before or after sentencing. The legislature has attempted to capture that principle in RCW 9.94A.505(6) . . . . But our

constitution does not allow us to treat offenders who cannot obtain bail differently from those who can.

*Id.* at 101-02 (internal citations omitted). The court also explained its holding was "based on the constitutional principle that a defendant cannot be held longer because of poverty." *Id*. at 103.

Yeh's reliance on *Enriquez-Martinez* is misplaced. Critical here, the court's recitation of the facts in *Enriquez-Martinez* confirms that "the Washington warrant was served." *Id.* at 101. Thus, while Enriquez-Martinez was not confined in Oregon prior to sentencing in Washington *solely* in regard to the offense for which he was sentenced in Washington, he was nonetheless confined prior to sentencing in regard to that offense. Here, in contrast, the Snohomish County warrant was *not* served on Yeh and, thus, Yeh was *not* confined in the King County jail prior to sentencing—solely or otherwise—in regard to the offense for which he was sentenced in Snohomish County.

Nor does the trial court's ruling treat Yeh differently from an offender who could make bail on the Snohomish County charges. Had Yeh been able to make bail on the King County charges, he could have been released from the King County jail and either quashed the Snohomish County warrant, in which case he would not be confined on the Snohomish County charges prior to sentencing, or been confined on the Snohomish County charges prior to sentencing, in which case he would have received credit for confinement time served on those charges in accordance with *Enriquez-Martinez*. In either case, Yeh would not be confined longer on the Snohomish County charges than a person who could afford to make bail on those charges. For these reasons, *Enriquez-Martinez* is inapposite.

For similar reasons, Yeh's reliance on *State v. Lewis*, 184 Wn.2d 201, 355 P.3d 1148 (2015), and *Reanier v. Smith*, 83 Wn.2d 342, 517 P.2d 949 (1974), is also misplaced. In both cases, the offenders served time in confinement prior to sentencing on the offenses for which they were sentenced. *Lewis*, 184 Wn.2d at 205 (offender served time on assault and burglary charges while awaiting trials on assault, burglary, and failure to register as a sex offender charges); *Reanier*, 83 Wn.2d at 352-53 (offenders confined in state hospital prior to sentencing due to inability to make bail or because denied bail due to nature of charges). As the court explained in both cases, denying credit for time served prior to sentencing in such circumstances would unlawfully treat these offenders differently from those who can make bail in violation of due process and equal protection. *Lewis*, 184 Wn.2d at 205; *Reanier*, 83 Wn.2d at 346-47. Here, in contrast to *Lewis* and *Reanier*, Yeh was not confined in the King County jail on the offense for which he was sentenced. And as the above discussion shows, the trial court's ruling does not treat Yeh differently from an offender who can make bail. Thus, like *Enriquez-Martinez*, neither *Lewis* nor *Reanier* supports Yeh's argument.

In sum, RCW 9.94A.505(6) does not mandate the relief Yeh seeks, and the cases cited by Yeh do not compel that result on constitutional grounds. Finding no error, we affirm.

Feldman, J.

WE CONCUR:

Coburn, J.

, ACJ

- 6 -